IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0217 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
AS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a pleading entitled "Motion for Evidentiary Hearing: Case No. 31-337 E," filed by petitioner on September 8, 2010. Although petitioner Barker has called his pleading a "Motion for Evidentiary Hearing," review of the pleading itself reveals petitioner seeks habeas corpus relief. The Court has therefore construed the "motion" as a habeas corpus petition. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

I.
PROCEDURAL HISTORY IN THE FEDERAL COURTS

In February 2009, Barker filed with this Court a habeas corpus petition challenging a conviction, cause number 31-337-E, out of Potter County, Texas, for tampering with an identification number. *See Barker v. Quarterman*, No. 2:09-CV-41, doc. # 1. The date of the

conviction, upon petitioner's guilty plea, was April 7, 1994. This Court, upon the Report and Recommendation of the undersigned, dismissed that petition as time barred. *Id.*, doc. # 9. The Fifth Circuit denied petitioner's motion for a Certificate of Appealability. *Id.*, doc. # 19.

In the filing currently before the Court, petitioner never mentions his prior habeas corpus proceedings. He simply re-challenges his 1994 Potter County conviction on various grounds, raising contentions throughout the pleading such as the arrest was illegal, the evidence was insufficient, he is actually innocent, the sentence was disproportionate to the crime, and he received ineffective assistance of counsel. Petitioner appears to contend that because his conviction was unconstitutional, the Court should grant an evidentiary hearing. Petitioner states: "Pitioner prays for relief and the case to be aquited under the law of an accaual innacence: Claim pitioner ask futher that this court to look into the issues of the wrogfull coviction [sic et passim]." (*Motion for Evidentiary Hearing*, doc. #1, pg. 9). Petitioner filed in conjunction with this "motion" an application to proceed *in forma pauperis* (ifp). The Court had already granted petitioner ifp status in his prior case. Considering the motion for ifp along with petitioner's failure to mention the prior habeas corpus case before this Court, the Court has determined petitioner did not intend to file the motion as part of the 2009 habeas corpus case and instead intended to challenge the conviction anew in hopes of obtaining habeas corpus relief.

II.
PERMISSION TO FILE THE INSTANT PETITION

Title 28 U.S.C. section 2244(b)(3)(A) provides that ***before*** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*

Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

While petitioner does not have defined grounds of error in the instant pleadings, he makes

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of tampering with an identification number, cause number 31-337-E, out of Potter County, Texas.

allegations similar to those brought in his prior habeas corpus petition. None of the issues raised in the current pleadings involve issues excusing petitioner's tardiness or issues which he was unable to present in his first federal habeas corpus petition, even if he were not time barred. There is no new rule of constitutional law making his challenge timely or making his present claims any more viable than they would have been were they presented in petitioner's first federal habeas corpus petition. Therefore, were this Court able to review the petition, it would likely again be dismissed as time barred by more than ten years. *See* 28 U.S.C. § 2244(b)(2).

Regardless, this Court is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus petition. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition, this Court has no authority to consider his request for relief.

Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ARTHUR JOYAL BARKER be DISMISSED.

IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of September, 2010.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).